OTC

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Western District of Louisiana - Monroe Division |
|---|---|
| Name (*under which you were convicted*): LIONEL ARD | Docket or Case No.: 3:25-CR-00116-01 |
| Place of Confinement: Federal Correctional Institution Pollock, Pollock, Louisiana | Prisoner No.: 85775-511 |
| UNITED STATES OF AMERICA V. | Movant (*include name under which convicted*) LIONEL ARD |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

U.S. District Court, Western District of Louisiana, Monroe Division

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SEP 1 1 2026
DANIEL J. McCOY, CLERK
BY: DM

(b) Criminal docket or case number (if you know): 3:25-CR-00116-01

2. (a) Date of the judgment of conviction (if you know): 12/03/2025

(b) Date of sentencing: 12/03/2025

3. Length of sentence: 324 months total: 264 months Count 1 + 60 months Count 3 consecutive; 5 years supervised release.

4. Nature of crime (all counts):

Count 1: Possession with intent to distribute phencyclidine (PCP), 21 U.S.C. 841(a), (b)(1)(B)(iv). Count 3: Possessing a firearm during/in relation to a drug-trafficking crime, 18 U.S.C. 924(c)(1)(A).

5. (a) What was your plea? (Check one)

(1) Not guilty ○ (2) Guilty ◉ (3) Nolo contendere (no contest) ○

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

Guilty to Counts 1 and 3. Count 2 was later dismissed on motion of the United States. No trial.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ○ No ◉

9. If you did appeal, answer the following:

(a) Name of court: ______

(b) Docket or case number (if you know): ______

(c) Result: ______

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised:

______

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised:

______

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☑

(2) Second petition: Yes ☐ No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

No direct appeal was filed. See Revised Continuation - Ground Four.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective assistance concerning plea advice, the promised approximate fourteen-year sentence, and my reading limitations.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Revised Continuation - Ground One.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

No direct appeal was filed. See Revised Continuation - Ground Four.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective assistance concerning the Section 924(c) "in furtherance" element and conflicting firearm-location evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Revised Continuation - Ground Two.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
No direct appeal was filed. See Revised Continuation - Ground Four.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** ineffective assistance concerning sentencing advice, the career-offender classification, and the Section 924(c) guideline.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Revised Continuation - Ground Three.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
No direct appeal was filed. See Revised Continuation - Ground Four.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Ineffective assistance concerning my direct-appeal rights and counsel's incorrect advice that I had to wait five years.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Revised Continuation - Ground Four.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

See Revised Continuation - Ground Four.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One through Four. No appeal or earlier post-conviction motion was filed. See Ground Four.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

No proceeding concerning this federal judgment is pending.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
Devin Jones - initial appearance and arraignment; address unknown.

(b) At the arraignment and plea:
Keith Thomas Whiddon - guilty plea; address unknown.

(c) At the trial:
No trial; guilty plea entered.

(d) At sentencing:
Keith Thomas Whiddon - sentencing; address unknown.

(e) On appeal:
No appeal filed. See Revised Continuation - Ground Four.

(f) In any post-conviction proceeding:
None.

(g) On appeal from any ruling against you in a post-conviction proceeding:
None.

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☑ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Judgment entered December 3, 2025. No appeal was filed. This first Section 2255 motion is submitted within one year after finality.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
Restore my direct appeal under Ground Four. Preserve Grounds One through Three without prejudice. I do not presently request withdrawal of the entire plea. See memorandum

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 8/13/2026.
(month, date, year)

Executed (signed) on 8/17/2026 (date)

Lionel Aro
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA - MONROE DIVISION**

**UNITED STATES OF AMERICA v. LIONEL ARD**

**Criminal Case No. 3:25-CR-00116-01**

# REVISED CONTINUATION SHEETS TO AO 243 - QUESTION 12

## GROUND ONE - Ineffective Assistance Concerning Plea Advice, the Fourteen-Year Representation, and Movant's Reading Limitations

Before I entered my guilty plea, my attorney, Keith Thomas Whiddon, told me that if I signed the plea agreement and pleaded guilty, I would receive approximately fourteen years in prison. He made that representation directly to me, and no family member was present. I relied on his advice when deciding whether to plead guilty.

My attorney knew that I have substantial difficulty reading and understanding written material and that my educational level is approximately sixth grade. I could not independently understand a lengthy federal plea agreement containing statutory penalties, sentencing-guideline concepts, career-offender provisions, a mandatory consecutive firearm sentence, and waiver language. The plea papers and likely guideline consequences were not explained to me in language I could understand. I depended on counsel's explanation of the agreement and expected sentence.

I understood that accepting the plea would produce a sentence of approximately fourteen years. Instead, I received 324 months, or twenty-seven years: 264 months on Count One and a consecutive 60 months on Count Three. The Presentence Investigation Report treated me as a career offender and identified a total guideline range of 262 to 327 months, but counsel had not adequately explained before my plea that the plea could expose me to a sentence within that range. Had I received accurate advice and understood that I faced approximately twenty-seven years rather than the fourteen years represented to me, I would not have entered the plea on the terms presented without requiring counsel to pursue the available alternatives. I request an evidentiary hearing concerning counsel's advice, what counsel knew about my reading limitations, how the papers were explained, and what I actually understood.

## GROUND TWO - Ineffective Assistance Concerning the Section 924(c) Firearm Count and Conflicting Location Evidence

I pleaded guilty to Count Three, which required proof that I knowingly possessed the firearm in furtherance of the PCP trafficking offense charged in Count One. I was outside the residence when officers arrived, and the firearm was recovered inside during the search. I acknowledge possessing the firearm. I kept it for personal protection and for shooting squirrels; I did not understand that mere possession was different from possessing a firearm to advance or facilitate a drug-trafficking crime.

The records supplied to me contain a material conflict that counsel did not adequately investigate or explain. The stipulated factual basis states that the loaded pistol was on my bed and in the same room as the drugs. The PSR's independent investigative account, however, places the pistol in bedroom number 1 and the three vials of PCP in room number 3. The PSR also reports my statement that the firearm was for shooting squirrels. Counsel did not adequately discuss this conflict with me, investigate the search records and photographs, or explain how the Government would prove the required connection between the firearm and the particular PCP offense.

Counsel also did not adequately explain that Count Three carried a mandatory consecutive five-year sentence. Had counsel investigated and explained the conflicting evidence, the required 'in furtherance' element, and the unavoidable consecutive punishment, I would have required counsel to contest Count Three rather than plead guilty to it without a knowing understanding of the available defense. I request the search-warrant return, photographs, reports, body-camera evidence, interview records, discovery, and counsel's file, together with an evidentiary hearing concerning counsel's investigation and advice.

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA - MONROE DIVISION**

**UNITED STATES OF AMERICA v. LIONEL ARD**

**Criminal Case No. 3:25-CR-00116-01**

## REVISED CONTINUATION SHEETS TO AO 243 - QUESTION 12

### GROUND THREE - Ineffective Assistance Concerning Sentencing and the Career-Offender Guideline

The PSR calculated a total offense level of 31 and criminal-history category VI after classifying me as a career offender. It then applied the special career-offender rule for a conviction that includes Section 924(c), producing a combined guideline range of 262 to 327 months. I received 324 months, near the top of that range. Before my plea and sentencing, counsel did not adequately explain the career-offender classification, why the identified Louisiana convictions qualified, how the Section 924(c) count changed the applicable range, or how those calculations were inconsistent with the approximately fourteen-year sentence counsel had represented to me.

Because of my reading limitations, I depended on counsel to review the PSR with me, investigate the qualifying convictions and related state proceedings, identify inaccuracies, file meritorious objections, and present available mitigation. I did not understand the calculations or know what objections could be made. I request production and review of counsel's PSR objections, the PSR addendum, the state conviction records used for the career-offender finding, counsel's sentencing file, and the sentencing transcript. I request an evidentiary hearing to determine what counsel investigated, explained, and challenged and whether omitted objections or mitigation affected my sentence.

### GROUND FOUR - Ineffective Assistance Concerning the Right to Direct Appeal

After the court imposed the twenty-seven-year sentence, I asked my attorney about an appeal. My attorney told me that I had to wait five years to appeal. That advice was incorrect, but I did not know the deadline for filing a notice of appeal. I have approximately a sixth-grade education, substantial reading difficulty, and little knowledge of federal appellate procedure. I relied on counsel's advice, and no notice of appeal was filed.

Counsel did not tell me that the time for initiating a direct appeal was measured in days rather than years, did not adequately discuss which issues remained available under the limited appeal waiver, and did not file or arrange for the filing of a notice of appeal. Had counsel accurately advised me that immediate action was required, I would have timely pursued an appeal. I request an evidentiary hearing concerning this conversation and, if the Court finds that counsel's deficient advice deprived me of the appeal I would have pursued, reentry of the criminal judgment so that I may file a timely notice of appeal.

### PERSONAL STATEMENT, REMORSE, AND REQUEST FOR HEARING

I sincerely apologize for my criminal conduct and accept responsibility for the conduct that I knowingly committed, including the PCP offense. I understand that drug trafficking harms families and communities. I never intended to injure or kill anyone, and the offenses of conviction did not cause anyone's death. I respectfully ask the Court to recognize my remorse and my desire to change.

I grew up without a father in an impoverished neighborhood, with limited resources and opportunities. Poverty, my environment, and the absence of a father influenced the poor choices I made, but they do not excuse those choices. I did not want this way of life. I want to use my experience to help my son avoid my mistakes and to become a responsible father, son, and member of the community.

I fear that my mother may not still be alive by the time I complete this sentence. My son needs my guidance and support, and I do not want him to grow up without a father as I did. If lawful resentencing becomes available, I respectfully ask the Court to consider my background, remorse, family responsibilities, and efforts toward rehabilitation and to impose the lowest sentence permitted by law. I offer these circumstances as mitigation and a request for mercy, not as an independent legal ground for setting aside my conviction.

Because the legal claims depend on private communications with counsel and evidence in counsel's file, I request an evidentiary hearing, appointment of counsel if warranted, and any lawful relief supported by the record.