**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA - MONROE DIVISION**

**UNITED STATES OF AMERICA v. LIONEL ARD**

**Criminal Case No. 3:25-CR-00116-01**

# MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. SECTION 2255

## I. Relief Requested

Movant requests the narrowest effective relief first. On Ground Four, he asks for an evidentiary hearing and, if the claim is established, vacatur and immediate reentry of the same judgment solely to permit a timely direct appeal. Movant does not presently request withdrawal of the entire plea agreement. He asks the Court to preserve Grounds One through Three and hold them in abeyance, or dismiss them without prejudice if that is the Court's customary procedure, until completion of the restored direct appeal.

## II. Governing Standards

A movant alleging ineffective assistance must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In the guilty-plea setting, prejudice requires a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on another available course, ordinarily trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Lee v. United States*, 582 U.S. 357, 364-69 (2017). Statements made during a plea hearing are important evidence, but specific allegations about off-record promises, counsel's advice, and a defendant's ability to understand may require factual development. *Machibroda v. United States*, 368 U.S. 487, 493-96 (1962); *Blackledge v. Allison*, 431 U.S. 63, 73-76 (1977).

Counsel also has a constitutional duty to consult about an appeal when a rational defendant would want to appeal or when the defendant reasonably demonstrated an interest in appealing. Prejudice exists when deficient consultation caused the defendant to lose an appeal he otherwise would have taken. *Roe v. Flores-Ortega*, 528 U.S. 470, 478-86 (2000). An appeal waiver does not eliminate counsel's duty to file a requested appeal, and prejudice is presumed when counsel's deficient performance forfeits the appeal. *Garza v. Idaho*, 586 U.S. 232, 238-49 (2019).

## III. An Evidentiary Hearing Is Warranted

Section 2255(b) requires a hearing unless the motion and case record conclusively show that the prisoner is not entitled to relief. Grounds One and Four identify specific off-record statements: the representation that the plea would result in approximately fourteen years and the post-sentencing instruction that Movant had to wait five years to appeal. The truth, context, and effect of those communications cannot be resolved solely from the written plea agreement and minute entries. The record should be expanded to include the plea and sentencing transcripts and counsel's file, and the Court should hear testimony from Movant and former counsel.

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA - MONROE DIVISION**

**UNITED STATES OF AMERICA v. LIONEL ARD**

**Criminal Case No. 3:25-CR-00116-01**

# MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. SECTION 2255

## IV. The Firearm Claim Does Not Rely on United States v. Davis

Count Three was predicated on the drug-trafficking offense in Count One, not on Section 924(c)'s residual definition of a crime of violence. Movant therefore does not seek relief under *United States v. Davis*, 588 U.S. 445 (2019). Ground Two instead challenges counsel's investigation and explanation of the statutory 'in furtherance' element and the conflicting accounts of where the pistol and PCP were found. This distinction avoids presenting a claim that does not apply to Movant's drug-trafficking predicate.

## V. Requested Disposition

Movant respectfully requests that the Court order the United States to respond; obtain or permit production of the plea and sentencing transcripts and relevant portions of former counsel's file; conduct an evidentiary hearing on Ground Four; and appoint counsel if the interests of justice require. If Ground Four is established, Movant requests vacatur and immediate reentry of the same judgment solely to restore the direct-appeal period. Movant asks that Grounds One through Three be held in abeyance, or otherwise preserved without prejudice, until completion of that appeal. He does not presently ask to withdraw the entire plea or reinstate dismissed Count Two. After appellate review, he requests lawful consideration of any preserved claim, including relief from Count Three and its consecutive 60-month sentence if Ground Two is later proven, without enlarging the relief beyond what the evidence and law support.

If appellate or collateral review results in a lawful resentencing, Movant further asks the Court to consider his acceptance of responsibility, remorse, difficult childhood, family responsibilities, and rehabilitation under 18 U.S.C. Section 3553(a), and to impose the lowest sentence that the law and the complete record permit.

Respectfully submitted,

______________________________________

LIONEL ARD, Movant, Pro Se

Register No. 85775-511

Federal Correctional Institution Pollock

Pollock, Louisiana

Date: ________________________________

Review notice: Movant must personally verify every factual statement, complete the execution and prison-mailing dates on AO 243, and sign the final filing copy after review.